IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                                       CASE NO. 17-3092-SAC-DJW

**UNITED STATE OF AMERICA,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Coty Maier brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Douglas County Jail in Lawrence, Kansas. Plaintiff filed his Complaint (Doc. 1) on May 23, 2017. Plaintiff filed a Motion for Leave to appear in forma pauperis (Doc. 2). The Court will provisionally grant the motion to appear in forma pauperis for purposes of screening Plaintiff's Complaint.

**I. Nature of the Matter before the Court**

Plaintiff's Complaint names the Plaintiffs as: "I AM"; "We the People"; Zion and Heaven. Plaintiff's Complaint names as defendants: State of Kansas; Douglas County District Court; Douglas County Correctional Facility; Douglas County Sheriff's Internal Affairs; Douglas County; Kansas Attorney General; Criminal Litigation; and Kansas Secretary of State.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

Plaintiff's Complaint is frivolous, fails to state a claim, and names improper defendants. Plaintiff's Complaint is submitted by Maier, who asserts rights on behalf of the improperly named Plaintiffs. Even liberally construing the Complaint, the Court finds no meritorious claims. Plaintiff's Complaint asserts that "The People's" rights are being denied. The sedition/maritime claim in Count I, the treason claim in Count II, and the RICO claim in Count III are bare arguments that border on malicious. Plaintiff also lists claims in Counts IV through VIII for perjury, breach of contract, trademark/copyright violation, dereliction of duty, and

criminal deprivation of property, without any supporting facts or allegations. (Doc. 1, at 7.) Furthermore, Plaintiff clearly has not exhausted his administrative remedies. In response to the section of the Complaint inquiring as to whether Plaintiff sought administrative relief, he only lists the following names: "James Comey (FBI); KBI Internal Affairs; Criminal Litigation; and DGCO Internal Affairs." (Doc. 1, at 6.)

The Court finds that Plaintiff's Complaint must be dismissed because Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

**IT IS THEREFORE BY THE COURT ORDERED** that Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

Dated this 31st day of May, 2017, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**